# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| COTY GARRETT BOWMAN-JINES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-206-RWS |
| | ) | |
| LUKE ALLISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Coty Garrett Bowman-Jines, an inmate at the Eastern Reception, Diagnostic and Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and plaintiff's statements submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified copy of his institution account statement as required by 28 U.S.C. § 1915(a)(2), and the Court entered an order directing him to do so. In response, plaintiff submitted a letter stating that he had tried without success to obtain a copy of the statement. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable under these circumstances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Luke Allison and Tom Wilkinson. He identifies Allison as a Butler County Correctional Officer, and Wilkinson as a Butler County Medical Officer. He sues both defendants in an official and individual capacity.

The allegations in the complaint concern events that occurred while plaintiff was incarcerated at the Butler County Justice Center. According to the complaint, on July 24, 2018, defendant Allison

> became very abrupt in a violent manner slammed the cell door on my finger causing my finger to jam/swell and turn blue. Kicking the door/chuck hole shut.

3

> I then pressed the button to tell Shift Commander my finger is jammed he then states you shouldn't be acting like a fxxxxxx kid. States that I have a real job I don't sell drugs. Safety and security of inmates at institution. Violent behavior aggression. Medical officer Tom Wilkinson failed to provide me medical attention. Medical neglect.

(Docket No. 1 at 4). Plaintiff describes his injury as a "jammed/swollen right index finger." *Id.* Plaintiff states he "pressed the emergency button and filled out a medical form and made a verbal statement to the chief of justice." *Id.*

In the complaint, plaintiff averred he was a convicted and sentenced state prisoner. However, review of plaintiff's state court criminal case indicates that, at the time plaintiff's constitutional rights were allegedly violated, he was a pretrial detainee.[1] Plaintiff states he seeks damages in the amount of $50,000 for "emotional, pain and suffering" and to "ensure safety of each inmate per this co." *Id.* at 5.

## Discussion

It appears plaintiff intends to claim that Allison used excessive force against him, and that Wilkinson was deliberately indifferent to his serious medical needs. However, plaintiff fails to allege sufficient facts to support either claim. Regarding Allison, it is not entirely clear whether his actions were intentional or negligent, and plaintiff does not explain, with sufficient specificity, the extent of the injuries he suffered. Regarding Wilkinson, plaintiff simply fails to allege any facts to support a deliberate indifference claim. Even *pro se* plaintiffs are required to set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Twombly*, 550 U.S. at 569-70; *see also*

---

[1] Review of Missouri Case.net shows that, on August 14, 2018, plaintiff pleaded guilty to unlawful possession of a firearm, and was sentenced to a six-year prison term. *See State of Missouri v. Coty G. Bowman-Jines*, No. 17BT-CR02349-01 (36th Jud. Cir. 2018). This Court takes judicial notice of this public state record. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

*Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. Plaintiff should also state whether he was a pretrial detainee or a convicted and sentenced prisoner at the time his constitutional rights were allegedly violated. Plaintiff should only include claims that

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 2nd day of October, 2018.

                                            /s/ Rodney W. Sippel
                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE